## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>PNW HEALTHCARE HOLDINGS, LLC, *et al.,*[1]<br><br>      Debtors | Chapter 11<br><br>Lead Case No. 19-43754<br><br>(Jointly Administered) |
| In re:<br><br>CORNERSTONE HEALTHCARE SERVICES, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 20-40156-MJH<br><br>(Joint Administration Requested) |

---

[1] The debtors and debtors-in-possession in the above-captioned, jointly administered chapter 11 bankruptcy proceedings (collectively, the "Cases"), along with the last four digits of each Debtor's federal tax identification number, are: PNW Healthcare Holdings, LLC (9801); North Auburn Health, LLC *dba* North Auburn Rehabilitation & Health Center (3159); Sequim Health, LLC *dba* Sequim Health & Rehabilitation (7737); Bremerton Health, LLC *dba* Bremerton Convalescent & Rehabilitation Center (3188); Crestwood Convalescent-Port Angeles, LLC *dba* Crestwood Health & Rehabilitation Center (6565); Fir Lane Health-Shelton, LLC *dba* Fir Lane Health & Rehabilitation Center (7798); Forest Ridge Health-Bremerton, LLC *dba* Forest Ridge Health & Rehabilitation Center (4019); Meadow Park Health-St Helen, LLC *dba* Meadow Park Health & Specialty Care Center (9109); Cherrywood Place-Spokane, LLC *dba* Cherrywood Place (7776); Riverside Nursing-Centralia, LLC *dba* Riverside Nursing & Rehabilitation Center (3792); PNW Master Tenant I, LLC (9824); Franklin Hills Health-Spokane, LLC *dba* Franklin Hills Health & Rehabilitation Center (1763); Aldercrest Health-Edmonds, LLC *dba* Aldercrest Health & Rehabilitation Center (3827); PNW Master Tenant II, LLC (5319); Gardens on University-Spokane Valley, LLC *dba* The Gardens on University (1917); Puget Sound Healthcare-Olympia, LLC *dba* Puget Sound Healthcare Center (4419); Care Center East Health-Portland, LLC *dba* Care Center East Health & Specialty Care Center (8950); LaCrosse Health-Coeur d'Alene, LLC *dba* LaCrosse Health & Rehabilitation Center (8594); Ivy Court-Coeur d'Alene, LLC *dba* Ivy Court (3197).

| In re: | Chapter 11 |
| --- | --- |
| CRN POOL, LLC, | Case No. 20-40157-MJH |
| Debtor. | (Joint Administration Requested) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Cornerstone Healthcare Services, LLC and CRN Pool, LLC, as debtors and debtors in possession (together, the "Cornerstone Debtors"), have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Western District of Washington (the "Court"). The Cornerstone Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Dov E. Jacobs has signed each set of the Schedules and Statements. Mr. Jacobs is the sole member for each of the Cornerstone Debtors and he is an authorized signatory for each of the Cornerstone Debtors in these chapter 11 cases. In reviewing and signing the Schedules and Statements, Mr. Jacobs has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Cornerstone Debtors and their legal and financial advisors. Mr. Jacobs has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Cornerstone Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Cornerstone Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Cornerstone Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Cornerstone Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein,

2

inadvertent errors or omissions may exist. The Cornerstone Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligations to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Cornerstone Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Cornerstone Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Cornerstone Debtors or their agents, attorneys, or financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. **Description of Cases**. On January 20, 2020 (the "Cornerstone Petition Date"), each of the Cornerstone Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On November 22, 2019 (the "Petition Date"), PNW Healthcare and certain of its affiliates, as debtors and debtors in possession (collectively, the "Initial Debtors," and collectively with the Cornerstone Debtors, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On November 27, 2019, an order for procedural purposes, [Docket No. 73], was entered directing joint administration of these chapter 11 cases. On January 23, 2020, the Cornerstone Debtors each filed a motion seeking the joint administration of the Cornerstone Debtors' chapter 11 cases with the Initial Debtors' chapter 11 cases. *See* Cornerstone Healthcare Services, LLC - Docket No. 9; CRN Pool, LLC – Docket No. 9. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors and omissions may exist. The Cornerstone Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Cornerstone Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Cornerstone Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific

3

reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission**. Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Cornerstone Debtors, any assertion made therein or herein, or a waiver of the Cornerstone Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization**. Notwithstanding that the Cornerstone Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Cornerstone Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Cornerstone Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c. **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority," "nonpriority," or "unsecured," or (iii) a contract on Schedule G a "executory" or "unexpired" does not constitute an admission by the Cornerstone Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Cornerstone Debtors' rights to recharacterize or reclassify such claim or contract.

d. **Claims Description**. Any failure to designate a claim on the Cornerstone Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Cornerstone Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each Cornerstone Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Cornerstone Debtors against which the claim is listed or by any of the Cornerstone Debtors. The Cornerstone Debtors reserve all rights to amend its Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Cornerstone Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

4

f.  **Causes of Action**.  Despite reasonable efforts, the Cornerstone Debtors may not have identified all current and potential causes of action the Cornerstone Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Cornerstone Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

Additionally, prior to the Petition Date, the Cornerstone Debtors, as plaintiff, cross-claimant and/or third party plaintiff may have asserted claims against third parties, seeking monetary damages for business-related losses.

g.  **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property rights should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

h.  **Insiders**.  In the circumstances where the Schedules and Statements require information regarding "insiders," the Cornerstone Debtors have included information with respect to certain individuals and entities that served as managers, members, officers, and directors, as the case may be, during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals and entities listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Cornerstone Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Cornerstone Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

5

4813-8323-6531.2

4. **Methodology**.

    a. **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Cornerstone Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Cornerstone Debtors' reasonable efforts to report the assets and liabilities of each Cornerstone Debtor on an unconsolidated basis.

    b. **Confidential Information**. There may be instances in the Schedules and Statements where the Cornerstone Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Cornerstone Debtors have used this approach because of a confidentiality agreement between the Cornerstone Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.

    c. **Umbrella or Master Agreements**. Contracts and leases listed on the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Cornerstone Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Cornerstone Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

    d. **Executory Contracts**. Although the Cornerstone Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Cornerstone Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Cornerstone Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

    e. **Duplication**. Certain of the Cornerstone Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Cornerstone Debtors have determined to only list such assets, liabilities and prepetition payments once.

    f. **Net Book Value**. In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Cornerstone Debtors. Accordingly, unless otherwise indicated, the Cornerstone Debtors' Schedules and Statements reflect net book values.

6

Market values may vary, at some times materially, from net book values. The Cornerstone Debtors believe that it would be an inefficient use of estate assets for the Cornerstone Debtors to obtain the current market values of its property. Accordingly, the Cornerstone Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Cornerstone Debtors with respect to such asset.

g. **Undetermined or Unknown Assets**. The description of an amount as "unknown." "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

h. **Unliquidated Amounts**. Amounts that could not be fairly quantified by the Cornerstone Debtors are scheduled as "unliquidated."

i. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

j. **Property and Equipment**. The Cornerstone Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Cornerstone Debtors reserve all rights with respect thereto.

k. **Allocation of Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

l. **Paid Claims**. The Debtors have authority to pay certain outstanding prepetition payables pursuant to Court order—as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements. To the extent the Cornerstone Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Cornerstone Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such

7

as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest.

m. **Intercompany Claims**. Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Cornerstone Debtors' books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Cornerstone Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

n. **Guarantees and Other Secondary Liability Claims**. The Cornerstone Debtors have exercised reasonable efforts to locate and identify guarantees of its executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Cornerstone Debtor. The Cornerstone Debtors may have inadvertently omitted guarantees embedded in its contractual agreements and may identify additional guarantees as it continues to review its books and records and contractual agreements. The Cornerstone Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

o. **Excluded Assets and Liabilities**. The Cornerstone Debtors have excluded certain categories of assets and liabilities, including Goodwill, from the Schedules and Statements and certain accrued expenses. The Cornerstone Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claim exists. In addition, certain immaterial assets and liabilities may have been excluded. Further, certain liabilities authorized to be paid pursuant to Court orders are excluded from the Schedules and Statements.

p. **Liens**. The inventories, property and equipment, if any, listed in the Schedules and Statements are presented without consideration of any liens.

q. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

r. **Setoffs**. The Cornerstone Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, refunds, and negotiations and/or disputes between the

Cornerstone Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common to the industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Cornerstone Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Cornerstone Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Cornerstone Debtors are not yet aware and/or of which the Cornerstone Debtors have approved to effectuate in the claims process of its chapter 11 cases. The Cornerstone Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5. **Specific Schedules Disclosures**.

    a. **Schedule A/B.** On January 23, 2020, the Cornerstone Debtors filed the *Debtors' Motion for Order Applying Certain Orders in Initial Debtors' Chapter 11 Cases to the Cornerstone Debtors* [Cornerstone Healthcare Services, LLC - Docket No. 10; CRN Pool, LLC – Docket No. 10] (the "Application of Certain Orders Motion"). Pursuant to the Application of Certain Orders Motion, the Cornerstone Debtors requested that the following orders entered in the Initial Debtors' chapter 11 cases be applied to the Cornerstone Debtors:

        i. *Order (I) Authorizing Consolidated Creditors Lists, (II) Authorizing Redaction of Certain Personal Identification Information, (III) Limiting the Scope of Notice, and (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information*, dated November 27, 2019 [Initial Debtors – Docket No. 69];

        ii. *Order Granting First Day Motion for Authority to Pay Prepetition Payroll, Employee Benefits, and Related Expenses*, dated November 27, 2019 [Initial Debtors - Docket No. 70];

        iii. *Order Authorizing Debtors to Continue Use of Existing Cash Management System and Prepetition Business Banking Accounts and Checks*, dated November 27, 2019 [Initial Debtors - Docket No. 71];

        iv. *Order Approving Adequate Assurance to Utilities*, dated January 9, 2020 [Initial Debtors - Docket No. 240]; and

        v. *Order Establishing Procedures for Interim Compensation of Professionals*, dated January 9, 2020 [Initial Debtors - Docket No. 241].

    b. **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any**

**Interest in an LLC, Partnership, or Joint Ventures**. Ownership interests, if any, in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as unknown amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

c. **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts, if any, are presented net of accumulated depreciation and other adjustments.

d. **Schedule A/B, Par 10 – Intangibles and Intellectual Property**. The Cornerstone Debtors may have listed various intangibles and intellectual property owned by the Cornerstone Debtors, including trademarks, domain names, websites, and the like. If listed, the Cornerstone Debtors listed the value of such intellectual property as unknown on account of the fact that the fair market value of such assets is dependent on numerous variables and factors, and may differ significantly from their net book value.

e. **Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtors and Rights to Setoff Claims*. In the ordinary course of its businesses, the Cornerstone Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, credits, rebates, or refunds with its customers and suppliers, or potential warranty claims against its suppliers. Additionally, certain of the Cornerstone Debtors may be party to pending litigation in which such Cornerstone Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Cornerstone Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

f. **Schedule A/B, Part 11, Question 74 – Causes of action against third parties**. The Cornerstone Debtors may have other causes of action than those listed therein and are not waiving any rights to pursue such causes of action in the future.

g. **Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Cornerstone Debtors reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Cornerstone Debtors may have scheduled claims of certain creditors as secured claims, the Cornerstone Debtors' reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or

10

instrument related to such creditor's claim. Further, while the Cornerstone Debtors have included the result of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any line. Conversely, the Cornerstone Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Cornerstone Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided in Schedule D, if any, are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. In certain instances, the Cornerstone Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Cornerstone Debtors, and no claim set forth on Schedule D of any Cornerstone Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The priority of each creditor's secured claim in Schedule D is determined by the relevant perfection statutes of the applicable state law and any applicable intercreditor agreements between the creditors listed on Schedule D.

h. **Schedule E/F – Creditors Who Have Unsecured Claims**.

*Part 1 – Creditors with Priority Unsecured Claims – Wages and Payroll*. As requested in the *First Day Motion for Authority to Pay Prepetition Payroll, Employee Benefits, and Related Expenses* [Docket No. 6] (the "Wages Motion") and the order of the Court granting the Wages Motion [Docket No. 70] (the "Wages Order"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Cornerstone Debtors requested the application of the Wages Order to the Cornerstone Debtors' chapter 11 cases. Certain claims listed on Schedule E are claims held by the Cornerstone Debtors' employees for paid time off ("PTO Claims"). Accrued, unused paid time off is paid out only upon separation from the Cornerstone Debtors. Any PTO Claims listed on Schedule E reflect amounts owed as of the Petition Date and have not been adjusted for any time off used since the Petition Date. As such, the Cornerstone Debtors believe that current amounts may differ from those PTO Claims listed on Schedule E as of the Petition Date. The Debtors believe that any non-insider, nonpriority employee claims for prepetition amounts related to ongoing payroll

and benefits, other than the listed PTO Claims, have been or will be satisfied, and such satisfied amounts are not listed.

The listing of a claim, if any, as a priority unsecured claim on Schedule E/F, Part 1, does not constitute an admission by the Cornerstone Debtors that such claim or any portion thereof is entitled to priority status. The Cornerstone Debtors reserve all rights to dispute or challenge the priority nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

*Part 2 – Creditors with Nonpriority Unsecured Claims*. The liabilities identified in Schedule E/F, Part 2, are derived from the Cornerstone Debtors' books and records. The Cornerstone Debtors made a reasonable attempt to set forth its unsecured obligations, although the actual amount of claims against the Cornerstone Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, may reflect certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Cornerstone Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Cornerstone Debtors' estates, the Cornerstone Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Cornerstone Debtors may have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Cornerstone Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Cornerstone Debtors receive such invoices.

i.  **Schedule G – Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, in certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature, but can be made available to the U.S. Trustee on a confidential basis.

Additionally, relationships between the Cornerstone Debtors and their customers are often governed by a master services agreement, under which customers also place work and purchase orders, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Cornerstone Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Cornerstone Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Cornerstone Debtors may have entered into various other types of agreements in the ordinary course of its business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G. The Cornerstone Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Cornerstone Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Cornerstone Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Cornerstone Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

j.  **Schedule H – Co-Debtors**.  The Cornerstone Debtors have not listed any litigation-related co-Debtors on Schedule H.

13

6. **Specific Statements Disclosures**.

    a.  **Statements, Part 2, Question 6 – Setoffs**.  For the discussion of setoffs and nettings incurred by the Cornerstone Debtors, refer to paragraph 4(r) of these Global Notes.

    b.  **Statements, Part 3, Question 7 – Legal Actions or Assignments.**  To the best of the Cornerstone Debtors' knowledge, the Cornerstone Debtors have disclosed all pending legal actions except for those legal actions or investigations where the Cornerstone Debtor(s) is precluded by court order, if any.  That includes litigation filed in which the Cornerstone Debtors have been named as a party to the litigation or appear as a "d/b/a" in the style or heading of the case.  Inclusion of such cases should not be construed as an admission that the applicable Cornerstone Debtor is actually a party to the case, actually does business as the name listed, or should be included in the case as listed.  The Debtors reserve all rights in connection with each listed lawsuit, including, but not limited to, the right to dispute or challenge whether they (or any one of them) are/is actually a party in each listed lawsuit.

| Debtor Name | **Cornerstone Healthcare Services, LLC** |
|---|---|
| **United States Bankruptcy Court for the Western District of Washington** | |
| Case number (if known): | **20-40156** |

☐ Check if this is an amended filing

## Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1: Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*..................................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*..................................................................................................

$771,544.07

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*..................................................................................................

$771,544.07

---

### Part 2: Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property***   (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

$0.00

3. ***Schedule E/F: Creditors Who Have Unsecured Claims***   (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*...............................................................

$2,999.31

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of  *Schedule E/F*................................................

**+** $418,169.77

4. **Total liabilities** ...............................................................................................................................
Lines 2 + 3a + 3b

$421,169.08

| Debtor Name | **Cornerstone Healthcare Services, LLC** |
|---|---|
| **United States Bankruptcy Court for the Western District of Washington** | |
| Case number (if known): | **20-40156** |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be complete and accurate as possible. If more space is needed, attach a separate spreadsheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| **All cash of cash equivalents owned or controlled by the debtor** | | | **Current value of debtor's interest** |
|---|---|---|---|
| 2. **Cash on hand** | | | $600.00 |

3. **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1 | CIBC<br>120 South LaSalle Street<br>Chicago, IL 60603 | Checking | 0863 | $33,622.37 |
| 3.2 | CIBC<br>120 South LaSalle Street<br>Chicago, IL 60603 | Checking | 7859 | $100,110.67 |

4. **Other cash equivalents**

| 5. | **Total of Part 1** | **$134,333.04** |
|---|---|---|
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

| Part 2: | Deposits and prepayments |
|---|---|

6.   **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

7.   **Deposits, including security deposits and utility deposits**
     Description, including name of holder of deposit

| 7.1 | Lease Security Deposit | MP4 | $8,967.27 |
|---|---|---|---|

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
     Description, including name of holder of prepayment

| 8.1 | Prepaid Software | Zoom Video Communications Inc. | $174.94 |
|---|---|---|---|

9.   **Total of Part 2**
     Add lines 7 through 8.  Copy the total to line 81.                    **$9,142.21**

| Part 3: | Accounts Receivable |
|---|---|

10.  **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

11.  **Accounts receivable**

| 11a. 90 days old or less: | $134,897.75 | - | $0.00 | = | $134,897.75 |
|---|---|---|---|---|---|
|  | face amount |  | doubtful or uncollectible accounts |  |  |
| 11b. Over 90 days old: | $493,171.07 | - | $0.00 | = | $493,171.07 |
|  | face amount |  | doubtful or uncollectible accounts |  |  |

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.                    **$628,068.82**

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds of publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:     % of ownership: | | |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | |

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.

## Part 5:  Inventory, excluding agricultural assets

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |

21. **Finished goods, including goods held for resale**

22. **Other inventory or supplies**

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.
    ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.     Book Value $ _____     Valuation Method _____     Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |

Case 20-40156-MJH     Doc 27     Filed 02/04/20     Ent. 02/04/20 20:09:21     Pg. 19 of 38

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**      **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---------|-----------------------------------|

**46.  Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47.  Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

**48.  Watercraft, trailers, motors, and related accessories**
Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

**49.  Aircraft and accessories**

**50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51.  Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No.

    ☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No.

    ☐ Yes.

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

    ☐ No. Go to Part 10.

    ☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

55.1   3220 Rosedale St. NW Ste. 200     Leasehold interest                  Unknown
       Gig Harbor, WA 98335

56. **Total of Part 9.**
    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

    ☑ No.

    ☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☑ No.

   ☐ Yes.

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☐ No. Go to Part 11.

   ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 61.1   www.cssnf.com | Unknown | Unknown | Unknown |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

_____  -  _____  =
Total face amount        Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

     **Nature of claim**

     **Amount Requested**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

     **Nature of claim**

     **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
    Examples: Season tickets, country club membership

78. **Total of Part 11.**
    Add lines 71 through 77.  Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

| Part 12: | Summary |
| --- | --- |

|  | Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- | --- |
| 80. | **Cash, cash equivalents, and financial assets.**  *Copy line 5, Part 1.* | $134,333.04 | |
| 81. | **Deposits and prepayments.**  *Copy line 9, Part 2.* | $9,142.21 | |
| 82. | **Accounts receivable.**  *Copy line 12, Part 3.* | $628,068.82 | |
| 83. | **Investments.**  *Copy line 17, Part 4.* | | |
| 84. | **Inventory.**  *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.**  *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.**  *Copy line 51, Part 8.* | | |
| 88. | **Real Property.**  *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.**  *Copy line 66, Part 10.* | | |
| 90. | **All other assets.**  *Copy line 78, Part 11.* | | |
| 91. | **Total.**  Add lines 80 through 90 for each column.  91a. | $771,544.07 | **+** 91b. $0.00 |
| 92. | **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92................................................................ | | $771,544.07 |

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 27 of 38

| Debtor Name | **Cornerstone Healthcare Services, LLC** | |
|---|---|---|
| **United States Bankruptcy Court for the Western District of Washington** | | |
| Case number (if known): | **20-40156** | ☐ Check if this is an amended filing |

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|---|

**Creditor's name**

**NONE**

**Creditor's mailing address**

**Describe debtor's property that is subject to a lien**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

**Date debt was incurred**

☐ No

☐ Yes

**Do multiple creditors have an interest in the same property?**

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

☐ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**

☐ Contingent

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Unliquidated

☐ Disputed

☐ Yes.  The relative priority of creditors is specified on lines

| Debtor Name | Cornerstone Healthcare Services, LLC |
|---|---|
| **United States Bankruptcy Court for the Western District of Washington** | |
| Case number (if known): | **20-40156** |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F - Creditors Who Have Claims Unsecured Claims                   12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**
☐ No. Go to Part 2.
☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**   If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
|  |  |  | Unknown |

| **2.1** | **Priority creditor's name and mailing address** <br> JARED ELLIOT <br> 3013 63RD AVE NW | **As of the petition filing date, the claim is:** <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | $560.97 |
|---|---|---|---|
|  | **Date or dates debt was incurred** <br> Various | **Basis for the claim:** <br> EMPLOYEE BENEFITS AND WAGES | |
|  | **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (        ) | | |

|  |  |  | Unknown |
|---|---|---|---|
| **2.2** | **Priority creditor's name and mailing address** <br> PRICILLA KNAPP <br> 1908 SUNRISE HILL LN | **As of the petition filing date, the claim is:** <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | $1,238.34 |
|  | **Date or dates debt was incurred** <br> Various | **Basis for the claim:** <br> EMPLOYEE BENEFITS AND WAGES | |
|  | **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (        ) | | |

|  |  |  | Unknown |
|---|---|---|---|
| **2.3** | **Priority creditor's name and mailing address** <br> WILLIAM MASTERSON <br> 3220 ROSEDALE ST NW | **As of the petition filing date, the claim is:** <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | $1,200.00 |
|  | **Date or dates debt was incurred** <br> Various | **Basis for the claim:** <br> EMPLOYEE BENEFITS AND WAGES | |
|  | **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (        ) | | |

Case 20-40156-MJH   Doc 27   Filed 02/04/20   Ent. 02/04/20 20:09:21   Pg. 29 of 38

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

|  |  | Amount of claim |
| --- | --- | --- |

**3.1** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $265,702.66

CIELOSTAR
ATTN: ACCOUNTS RECEIVABLE
730 2ND AVE S, STE 530
MINNEAPOLIS, MN 55402

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
HEALTH INSURANCE

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $116,268.86

CPRTPA
DBA CORNERSTONE PREFERRED RESOURCES
14550 TORREY CHASE BLVD, STE 650
HOUSTON, TX 77014

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SERVICE PROVIDER

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $179.18

FEDEX
P.O. BOX 94515
PALATINE, IL 60094

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SHIPPING SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $700.00

INDEED, INC.
MAIL CODE 5160
P.O. BOX 660367
DALLAS, TX 75266

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
RECRUITMENT SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 30 of 38

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Amount of claim**

**3.5** | **Nonpriority creditor's name and mailing address**
INTERMEDIA 1592736
P.O. BOX 398897
SAN FRANCISCO, CA 94139

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
BUSINESS SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$2,827.35

---

**3.6** | **Nonpriority creditor's name and mailing address**
INTERMEDIA 1592745
P.O. BOX 398897
SAN FRANCISCO, CA 94139

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
BUSINESS SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$3,564.77

---

**3.7** | **Nonpriority creditor's name and mailing address**
INTERMEDIA 1593122
P.O. BOX 398897
SAN FRANCISCO, CA 94139

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
BUSINESS SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$315.36

---

**3.8** | **Nonpriority creditor's name and mailing address**
JAN-PRO CLEANING SYSTEMS OF PUGET SOUND
500 S 336TH ST, STE 201
FEDERAL WAY, WA  98003

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
CLEANING SERVICES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$1,179.72

---

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 31 of 38

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Amount of claim

**3.9**   **Nonpriority creditor's name and mailing address**

METLIFE
DEPT LA21296
PASADENA, CA 91185

**As of the petition filing date, the claim is:**                                        $23,500.87

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
INSURANCE

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.10**   **Nonpriority creditor's name and mailing address**

OPTIMA HEALTHCARE SOLUTIONS, LLC
4229 SW HIGH MEADOWS AVE
PALM CITY, FL 34990

**As of the petition filing date, the claim is:**                                        $1,750.00

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
SOFTWARE

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.11**   **Nonpriority creditor's name and mailing address**

PRIME CARE TECHNOLOGIES
6650 SUGARLOAF PKWY, STE 400
DULUTH, GA 30097

**As of the petition filing date, the claim is:**                                        $246.77

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
SOFTWARE

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.12**   **Nonpriority creditor's name and mailing address**

SHRED-IT USA
28883 NETWORK PL
CHICAGO, IL 60673

**As of the petition filing date, the claim is:**                                        $280.87

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
BUSINESS SERVICES

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Case 20-40156-MJH   Doc 27   Filed 02/04/20   Ent. 02/04/20 20:09:21   Pg. 32 of 38

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

Amount of claim

**3.13** **Nonpriority creditor's name and mailing address**
SILVER STREAK LOGISTICS
3012 AVENUE L
BROOKLYN, NY 11210

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
SHIPPING SERVICES

**Is the claim subject to offset?**
☑ No
☐ Yes

$13.19

**3.14** **Nonpriority creditor's name and mailing address**
T- MOBILE
P.O. BOX 790047
ST. LOUIS, MO 63179

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
PHONE SERVICES

**Is the claim subject to offset?**
☑ No
☐ Yes

$761.62

**3.15** **Nonpriority creditor's name and mailing address**
THE MILES HUB
65 CABLES AVE, UNIT 6
WATERBURY, CT 06710

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
BUSINESS SERVICES

**Is the claim subject to offset?**
☑ No
☐ Yes

$762.16

**3.16** **Nonpriority creditor's name and mailing address**
WASTE MANAGEMENT
P.O. BOX 541008
LOS ANGELES, CA 60054

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
BUSINESS SERVICES

**Is the claim subject to offset?**
☑ No
☐ Yes

$116.39

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 33 of 38

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                          $2,999.31

**5b. Total claims from Part 2**                        $418,169.77

**5c. Total claims of Parts 1 and 2**
Lines 5a + 5b = 5c                         $421,169.08

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 34 of 38

| Debtor Name | **Cornerstone Healthcare Services, LLC** |
|---|---|

**United States Bankruptcy Court for the Western District of Washington**

| Case number (if known): | **20-40156** |
|---|---|

Check if this is an amended filing □

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | MASTER SERVICE AGREEMENT | APEX GLOBAL SOLUTIONS LLC<br>400 RELLA BLVD, STE 200<br>MONTEBELLO, NY 10901 |
|---|---|---|---|
| | State the term remaining | 12/01/2020 | |
| | List the contract number of any government contract | | |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | ACCOUNTING SERVICES AGREEMENT | APEX HEALTHCARE PARTNERS LLC<br>400 RELLA BLVD, STE 200<br>MONTEBELLO, NY 10901 |
|---|---|---|---|
| | State the term remaining | 01/01/2021 | |
| | List the contract number of any government contract | | |

| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | ENTERPRISE PRICING AGREEMENT | COVR<br>AKA TRACKNOW INC<br>1803 ELM ST., MAPLETON, UT 84664<br>MAPLETON, UT 84664 |
|---|---|---|---|
| | State the term remaining | 08/31/2020 | |
| | List the contract number of any government contract | | |

| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | CONSULTING AGREEMENT | GARVER INNOVATIONS, LLC<br>ATTN: BETH GARVER<br>12340 SEAL BEACH BLVD, STE B506<br>SEAL BEACH, CA 90740 |
|---|---|---|---|
| | State the term remaining | Current | |
| | List the contract number of any government contract | | |

| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | BUSINESS ASSOCIATE AGREEMENT | OPTIMA HEALTHCARE SOLUTIONS, LLC<br>ATTN: CFO<br>4229 SW HIGH MEADOWS AVE<br>PALM CITY, FL 34990 |
|---|---|---|---|
| | State the term remaining | Current | |
| | List the contract number of any government contract | | |

Official Form 206G          Schedule G: Executory Contracts and Unexpired Leases          Page 1 of 2

| | **Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.6 | State what the contract or lease is for and the nature of the debtor's interest | AGREEMENT TO PROVIDE SERVICES TO PNW ENTITIES ON BEHALF OF PNW HEALTHCARE MANAGEMENT, LLC | PNW HEALTHCARE MANAGEMENT, LLC 3220 ROSEDALE ST NW, STE 200 GIG HARBOR, WA 98335 |
|---|---|---|---|
| | State the term remaining | Current | |
| | List the contract number of any government contract | | |

| 2.7 | State what the contract or lease is for and the nature of the debtor's interest | MASTER SERVICE AGREEMENT | PRIME CARE TECHNOLOGIES, INC ATTN: PETER TEICHERT 6650 SUGARLOAF PKWY, STE 400 DULUTH, GA 30097 |
|---|---|---|---|
| | State the term remaining | 04/01/2022 | |
| | List the contract number of any government contract | | |

| 2.8 | State what the contract or lease is for and the nature of the debtor's interest | BUSINESS ASSOCIATE AGREEMENT | PRIME CARE TECHNOLOGIES, INC ATTN: PETER TEICHERT 6650 SUGARLOAF PKWY, STE 400 DULUTH, GA 30097 |
|---|---|---|---|
| | State the term remaining | Current | |
| | List the contract number of any government contract | | |

| 2.9 | State what the contract or lease is for and the nature of the debtor's interest | INTELLILOGIX CORE DATA ANALYTICS SERVICES AGREEMENT | TEAM TSI CORP ATTN: LEGAL SERVICES 600 COLLEGE ST P.O. BOX 1547 ALBERTVILLE, AL 35950 |
|---|---|---|---|
| | State the term remaining | 02/06/2022 | |
| | List the contract number of any government contract | | |

| 2.10 | State what the contract or lease is for and the nature of the debtor's interest | BUSINESS ASSOCIATE AGREEMENT | TEAM TSI CORP ATTN: LEGAL SERVICES 600 COLLEGE ST P.O. BOX 1547 ALBERTVILLE, AL 35950 |
|---|---|---|---|
| | State the term remaining | Current | |
| | List the contract number of any government contract | | |

Case 20-40156-MJH    Doc 27    Filed 02/04/20    Ent. 02/04/20 20:09:21    Pg. 36 of 38

| Debtor Name | **Cornerstone Healthcare Services, LLC** |
|---|---|

**United States Bankruptcy Court for the Western District of Washington**

Case number (if known):      **20-40156**

☐ Check if this is an
amended filing

Official Form 206H

**Schedule H: Codebtors**                                                                                                                     **12/15**

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

[X] No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| **NONE** | | | |

Official Form 206H                                   **Schedule H: Codebtors**                                   Page 1 of  1

<u>Official Form 202</u>

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*     (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I, the Manager of the Cornerstone Healthcare Services, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 24 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on: 2/4/2020                    Signature _____
              MM / DD / YYYY

                                         Dov E. Jacobs
                                         Printed Name

                                         Sole Member
                                         Title